**Marguerite DICKSON, Appellant (Defendant Below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Bethlehem Steel Corp., Appellees (Plaintiffs Below).**

No. 2–1185A369.

Court of Appeals of Indiana,
Third District.

April 21, 1986.

Elizabeth G. Tegarden, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Judge.

Claimant-appellant Marguerite Dickson appeals a decision by the Review Board of the Indiana Employment Security Division (Board) which affirmed a referee's determination that Dickson was not entitled to extended unemployment compensation benefits.

The facts relevant to this appeal disclose that Dickson was laid off by her employer, Bethlehem Steel, on August 16, 1984. At the time of her layoff, she received approximately $7,400.00 in severance pay.

When Dickson applied for unemployment compensation, the Employment Security Division considered the severance pay as 16 weeks of employment and denied Dickson benefits for the first 16 weeks after her layoff. Upon Dickson's application for extended benefits, the claim was denied on the basis that Dickson had not satisfied the wage credit[1] requirements of IND.CODE § 22–4–14–5. The statute provides that a claimant must establish a minimum amount of wage credits within the last two quarters of the individual's base period. Because the Employment Security Division did not spread the severance pay over the 16 weeks for wage credit purposes, but instead credited the amount entirely to the quarter in which it was paid, Dickson's last two quarters did not meet the requirements.

The appeals referee determined that Dickson was ineligible for benefits based upon the Employment Security Division's computations. The Board affirmed. This appeal ensued.

IND.CODE § 22–4–12–4 states that "[w]age credits shall be reported by the employer and credited to the individual in the manner prescribed by the board." While recognizing the Board's statutory authority, a crediting plan whereby severance pay is projected over a 16-week period for purposes of denying an original claim for benefits during that period, and then

---

1. Wage credits are defined as "remuneration paid for employment by an employer to an individual" in IND.CODE § 22–4–4–3.

later grouped into one quarter for purposes of denying extended benefits, is unreasonable. *See, Potts v. Review Bd. of Indiana, etc.* (1982), Ind.App., 438 N.E.2d 1012, 1016 (unfair result where vacation pay applied to week pay received rather than time of vacation leaving insufficient credits in quarter which vacation occurred, for purposes of entitlement to extended benefits).

The cause is reversed and remanded to the Board for proceedings consistent with this opinion.

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.